**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."  Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited.  R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1827-20

ALLAND LAGUERRE,

     Plaintiff-Respondent,

v.

HONDA FONTILUS,

     Defendant-Appellant.

_____

        Submitted March 28, 2022 – Decided July 20, 2022

        Before Judges Sumners and Vernoia.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Union County, Docket No. FM-20-1212-20.

        Theresa Richardson, attorney for appellant.

        Weinberger Divorce and Family Law Group, LLC, attorneys for respondent (Richard A. Outhwaite, on the brief).

PER CURIAM

Defendant Honda Fontilus appeals from an October 30, 2020 order denying her motion to vacate the marital settlement agreement (MSA) incorporated into the default final judgment of divorce (FJOD), and a February 12, 2021 order denying her motion for reconsideration. Defendant contends she was never served the summons and divorce complaint, and the purported MSA was the product of plaintiff's misrepresentation. Considering the arguments presented in light of the record and applicable law, we conclude the trial court erred by failing to conduct a plenary hearing to determine whether defendant knowingly executed the MSA. Accordingly, we reverse and remand.

After being married for over seven years with two children born from the union, the parties mutually agreed to divorce. On June 30, 2020, a Family Part judge entered a default FJOD, which incorporated a four-page MSA dated February 1, 2020, that was signed on the fourth page by both parties in the presence of a public notary on February 17, 2020.

Two months later, defendant through counsel moved under Rule 4:50-1 to vacate the MSA "as to the issues of [c]hild [s]upport and equitable distribution of the assets acquired during . . . the marriage." The motion also sought child

support and a fair distribution of the parties' assets acquired during the marriage.[1]

In her motion's supporting certification, defendant challenged service of the summons and complaint and claimed she did not knowingly agree to the MSA. Although she and plaintiff both wanted to divorce, she asserted she was never served the complaint or the MSA and plaintiff simply handed her a copy of the default FJOD the date it was entered.[2] She also asserted she has never seen nor been presented with an affidavit of personal service or acknowledgment of service establishing that she was in fact served the summons and complaint.

As for the MSA, defendant claimed plaintiff induced her to sign a signature page with nothing attached thereto, to which defendant later appended to the MSA and presented the complete document to the court that was incorporated into the FJOD. At the top of the page above the parties' signature lines and language for a public notary to witness and document their signatures is the statement: "IN WITNESS WHEREOF, the parties hereto have caused this instrument to be duly executed as of the day and year first above written."

---

[1] Plaintiff filed a cross-motion seeking attorney's fees, which was denied and not appealed.

[2] During the divorce proceedings, the parties continued to live together in the marital home.

A-1827-20

Defendant asserted she was never given nor shown the three pages of the MSA preceding the signature page, which set forth the purported settlement terms; thus, she did not knowingly or intentionally agree to the MSA that was incorporated into the FJOD.[3]

In contrast, plaintiff's certification stated he and defendant "agreed to not hire attorneys" and they "came up with the terms of the settlement" themselves. He stated that on or about February 9, 2020, he "prepared the agreement and g[a]ve it to her to read. [He] told her to let [him] know what she thought, tell [him] what changes she wanted, and to then give it back to [him]." He claimed defendant returned the MSA and said she was "happy with it" and did not want to make any changes, so a few days later they signed the MSA before a public notary. He stated, "defendant's allegation that she never saw the [MSA] until she received [it] back from the [c]ourt is an absolute lie. She signed the document in front of her notary public." He further asserted defendant "simply 'changed her mind' with regard to [their] divorce agreement and, therefore, ha[d]

---

[3] Defendant also made an argument related to the COVID-19 pandemic, which began impacting our State and this country in late-March 2020. We do not detail the argument nor address it, as it has no bearing on our decision.

A-1827-20

no recourse other than to lie within her [c]ertification in order to try and vacate the [MSA] that [they] signed."

After oral argument, the motion judge, who was not the judge who entered the FJOD, rendered her oral decision denying defendant's motion and memorialized her ruling in an order.[4]  The judge stated there was nothing in the moving papers supporting vacatur of the FJOD nor was there a transcript of the FJOD proceedings "indicat[ing] that somehow [the prior judge] made a mistake . . . and that . . . [defendant] was not aware of the default entered against her."  Turning to the MSA, the judge ruled:

> [A] review of [it] . . . [shows] both . . . [defendant's] and [plaintiff's] signature that was signed in the presence of a notary.  And again, this document was notarized.  Completely contrary to what is alleged by . . . [defendant] in her certification as in just a paper was filed in front of her and she didn't read anything.  It is a notarized document.

The judge rejected defendant's request for a plenary hearing to resolve the factual dispute over the execution of the MSA.

Defendant filed a motion for reconsideration.  The judge denied it for the same reasons she initially denied the motion.

---

[4]  That same day, defendant's motion for child support was granted.  That order was not appealed.

A-1827-20

Despite the fact that defendant continues to assert she was not served the divorce complaint and there is no record evidencing she was served, her appeal does not seek to vacate the FJOD; she claims only the court erred by rejecting her contention the MSA incorporated therein should be voided. Because there was a genuine material dispute of facts regarding defendant's execution of the MSA, we conclude the motion judge should not have denied defendant's motion to vacate the FJOD's inclusion of the MSA without conducting a plenary hearing to determine if defendant knowingly agreed to the MSA.

The motion judge rejected defendant's contention in her certification that she was not aware that in complying with defendant's request to sign the one-page document was indicative of her approval of the MSA, which was incorporated into the FJOD. In doing so, the judge erred in relying on the fact that defendant's signature on the MSA was notarized because, although defendant admitted the signature was hers, she argued the sole page she was presented and signed did not mention the MSA. The page merely contained the parties' names with signature lines with no mention that the instrument being executed was part of an MSA. Defendant's notarized signature is insignificant if one believes she was given just the one page to sign without being made aware she was signing an MSA. The judge did not address defendant's contention.

Without assessing the credibility of defendant's assertions in a plenary hearing involving the testimony of the parties, and possibly the public notary and plaintiff's counsel, regarding the execution of the MSA, the motion judge erred in deciding a genuine issue of material fact. See Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007); and Spangenberg v. Kolakowski, 442 N.J. Super. 529, 541 (App. Div. 2015) ("Importantly, '[t]he credibility of the parties' contentions may wither, or may be fortified, by exposure to cross-examination and through clarifying questions posed by the court[]' in a plenary hearing.") (alterations in original) (quoting Barblock v. Barblock, 383 N.J. Super. 114, 122 (App. Div. 2006)). Because we conclude the judge erred in denying defendant's motion, it is unnecessary to address the denial of defendant's reconsideration motion.

Accordingly, we remand for the motion judge to conduct a plenary hearing to determine whether defendant knowingly executed the MSA. Our remand shall not be construed as expressing an opinion on the merits of defendant's contention. Should the judge determine after a hearing that defendant did not realize her signature represented her consent to the MSA terms, the FJOD would be stripped of the MSA under Rule 4:50-1(f) as it "justif[ies] relief from the operation of the judgment or order."

7

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1827-20